### REBUFFAT v. CRAWFORD.
#### Patent Appeal No. 3228.

Court of Customs and Patent Appeals.
March 5, 1934.

Ernest W. Bradford, of Washington, D. C., for appellant.

Sol Shappirio, of Washington, D. C. (J. T. Basseches, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner of Interferences, in an interference proceeding in which priority of invention of all the counts involved was awarded to the senior party, Crawford.

The invention involved relates to refractory brick and the method of manufactur-ing the same. Counts 1 and 4 have been regarded, by the tribunals below, as being illustrative of the six counts involved and will be so regarded for the purposes of this decision, and they are as follows:

"1. A silica brick consisting of tridymite bonded with a clay of high alumina content."

"4. The herein described method of manufacturing a fixed volume high refractory silica brick which consists in combining tridymite formed by burning silica to the limit of expansion in the presence of a catalyst and reduced to a divided condition with a bonding agent of alumina content and burning said tridymite and said bonding agent in intimate admixture with each other."

The counts involved are claims of patent No. 1,477,810, granted December 18, 1923, to the party Crawford on an application filed August 14, 1923. The claims in the Crawford patent were copied by appellant Rebuffat in his application No. 717,616 which was filed June 3, 1924. Rebuffat having filed his application after the Crawford patent issued, he rests under the burden of proving his case beyond a reasonable doubt.

Rebuffat had already taken out a patent on refractory silica brick and the process of manufacturing the same, being No. 1,420,284, issued June 20, 1922, the application for which was filed December 5, 1921. It is conceded by both parties to the interference that the present invention relates to an improvement over the method of the Rebuffat patent.

It is claimed in this case that Crawford obtained his knowledge of the invention from Rebuffat. Therefore, the issue of priority presents the question of originality.

Crawford's patent is an attempt to improve the brick made by the Rebuffat patent method, by reducing the product of the Rebuffat process, mixing therewith a bonding agent of high alumina content, and reburning it. Crawford's patent cites the specification of the Rebuffat patent, and describes his improvement with reference thereto as follows:

"I am aware of the fact that United States Patent No. 1,420,284, issued to Orazio Rebuffat of Naples, Italy, disclosed a process of manufacturing a tridymite or cristobalite brick. However, the present invention goes beyond the process of Rebuffat in that it adds those steps necessary to cure the evils of checking, spalling and cracking which are the necessary results of the torsional strains produced in the initial stages of manufacture,

wherein the process consists of a single burning of a silica brick containing $P_2O_5$. By my process of making a fixed volume silica brick for refractory purposes the brick is burned twice as follows:

"The silica is burned once in the presence of a catalyst which may be $P_2O_5$ or otherwise and is thus converted into tridymite or cristobalite or the like. The resultant product is, as before stated, reduced and mixed with the plastic bonding elements of high alumina content, such as a flint clay, and is burned again."

Crawford took no testimony and stands on his record filing date of August 14, 1923. Rebuffat, by commission, took the testimony of himself and Alessandro Pomilio in Italy. Pomilio was Rebuffat's agent for the commercial exploitation of his invention and became such agent in 1920.

The Board of Appeals, in affirming the decision of the Examiner of Interferences in awarding priority to Crawford, held that the testimony in behalf of Rebuffat was lacking in persuasiveness and was not of such character as to carry conviction beyond a reasonable doubt that Rebuffat had introduced the invention into the United States, or even had a conception of the issue, prior to Crawford's filing date.

Rebuffat urges here that his testimony and the testimony of Pomilio shows that he had introduced the invention into the United States prior to the filing date of Crawford, and points out that he (Rebuffat) in answer to question 2 of the interrogatories propounded to him fully met the burden placed upon him. The substance of the question was whether he was the inventor of the invention defined in the counts of the issue of the interference. His answer was: "I am the inventor of the invention defined in the seven separate counts, but the description is not mine but that of Crawford, and I must make this notation for the reason that in certain points there are some errors."

He was then asked when he conceived the invention, and he answered: "In the year 1919."

The fourth interrogatory called upon him to explain the details and development of his invention. His answer was as follows: "I started my studies on the invention in the year 1918. The first part of my work was complete at the end of the year 1919, so that during March, 1920, I was able to make the first scientific publication; I also applied for a patent in Italy during that month. Later I continued to study the practical application of my invention, and at the end of 1920 I discovered that it was convenient to divide the process of manufacture of the bricks into two stages, and that is to say in the first part of work there was the labor of transforming silica in tridymite and in the second stage of the work the tridymite and the other forms of silica obtained were pulverized, bound with an agent and shaped into bricks. In regard to the bonding agent I experienced all those used for silica bricks in order to find which one corresponded best for the purpose of rapid manufacture. This part of work was finished during September, 1921. As shown from a letter by me written to Mr. Pomilio of which I enclose copy. Patent granted in Italy on July 1, 1921. Patent granted in England on April 5, 1922. Patent granted in United States on June 20, 1922."

The fifth interrogatory asked him to add any additional explanations that would throw any light on the interference proceeding, and his answer follows:

"In the technical informations furnished to our lawyer and by him presented to the Tribunal of Interferences in the United States, we have demonstrated that the application for patent filed by Mr. Crawford was full of lacking points, and that he pretended to give as a novelty things which were known for a long time. These informs were in part accepted by the Tribunal and the Tribunal gave us good reason for six counts and left to explain what regards counts three. Regarding this point it can be noticed that 'the hereby described method of manufacturing a fixed volume high refractory brick which consists of having (burning) a silica to convert it to tridymite, mixing with said tridymite a bonding agent' is nothing but a reproduction of my invention; that having a higher fusing point than the tridymite is absolutely surplus, for the reason that all the bonding agents employed in the manufacture of silica have a fusing point higher than the silica itself in whichever form it is employed. Regarding 'the fusing point of the completed brick being not lower than that of tridymite' it is not scientifically speaking exact because the presence of the bonding agent has constantly an effect to lower the point of fusion. Even using a bonding agent of high alumina content the effect would not be different except that it should be desired to mix such a quantity of bonding agents as to have the silica brick lose its characteristic properties.

"The Kaolin is not the best bonding agent amongst the alumina silicates, and this be-

cause first Kaolin is too rich in silica as compared with other silicates; Second, because it does not have a strong bonding strength; Third, because in its essential and technical form it contains substances which lower the fusing point. For these reasons, and also for the high cost of material Kaolin could never be taken into consideration for the manufacture of silica bricks, whereas for the purpose it is much more convenient to have refractory clay which are more rich in alumina and are more plastic. Finally, it can be noticed that a real demonstration of the small importance which the bonding agent can have in bettering the quality of silica bricks is shown by the fact that the last perfectioning studies made in England for the manufacturing of such bricks exclude entirely any bonding agent."

Pomilio, in answering interrogatories, testified in substance that in March, 1920, he made a contract with Professor Rebuffat by which he was to undertake all the work necessary for exploitation of the Rebuffat invention in the United States, and that he was instrumental in preparing the application which resulted in the Rebuffat patent being granted June 20, 1922. He then states that in the meantime Rebuffat had advised him that it would be advisable to divide the process into two stages, and that thereafter the second application was filed on June 3, 1924, which application is the one here involved. He testified as follows: " * * * As regards the seven counts of interference I must state that they belong to Mr. Crawford's application for patent, but that they are practically inspired by Prof. Rebuffat's invention, with the exception that the seven counts of Mr. Crawford are in certain places incorrect."

He then testified that he met Crawford in New York in 1923 and that he discussed with Crawford "several details referring to the process"; that Crawford wrote him several letters and that Crawford asked him to let him have diagrams which he never returned, and that in December, 1923, Crawford was in New York and that to his (Pomilio's) great surprise, Crawford told Pomilio that he had been granted a patent in December, 1923, "covering practically the subject of the invention of Prof. Rebuffat."

The further testimony of Pomilio has little to do with the issues with which we are concerned.

Rebuffat cannot obtain any benefit in this interference for any work he did abroad, under the issue in this proceeding. De Kando v. Armstrong, 37 App. D. C. 314, 319. The nature of his work abroad might be important in determining the identity of the invention or whether he had any concept of it or not, but it is incumbent upon him to prove, in this case, that the invention was introduced into the United States prior to the filing date of the senior party. See Gayler et al. v. Wilder, 10 How. 477, 496, 13 L. Ed. 504.

We agree with the Board of Appeals that appellant did not prove beyond a reasonable doubt that he had introduced into the United States the invention prior to Crawford's filing date. The letters referred to are not in evidence. Rebuffat says in his sworn answers to the interrogatories that he made the invention in the year 1919. He here may have had in mind his first invention and did not distinguish between it and Crawford's invention. It was after this date that Rebuffat filed his application which resulted in a patent.

Regardless of what other objections may be made concerning the proof submitted by Rebuffat, there is nothing in the proof that would show that the invention expressed in the particular counts involved was definitely disclosed in any communication to Pomilio, or that Pomilio made such a disclosure to Crawford. The testimony as a whole would indicate that the information given to Crawford by Pomilio concerned Rebuffat's invention which had ripened into a patent and which he (Pomilio) was employed to handle. We agree with the finding of the board that the evidence does not make it clear that anything Pomilio disclosed to Crawford included the second stage which constituted Crawford's improvement over the Rebuffat patent.

The decision of the Board of Appeals, affirming that of the Examiner of Interferences, awarding priority of invention to the senior party, Crawford, is affirmed.

Affirmed.